# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE WILLIAM MICHAEL, SR.,

       Plaintiff,

v.                                                   Civil Action No. 2:06cv56
                                                   (Judge Maxwell)

ADMINISTRATOR, Eastern Regional
Jail; COUNSELOR BRYANT; and the
CHAIN OF COMMAND,

       Defendants.

## OPINION/REPORT AND RECOMMENDATION

On June 2, 2006, *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. Plaintiffs' motion to proceed as a pauper was granted on August 17, 2006. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

## I. The Complaint

In the complaint, Plaintiff states that he is making a motion to file conspiracy charges against the defendants. More specifically, Plaintiff asserts that the defendants are conspiring to keep his law suit out of Court and to deny Plaintiff his legal right to access the courts.

In support of his claim, Plaintiff states that he filed a case in the federal court and the Court sent Plaintiff a guide for preparing his lawsuit. Since that time, the Defendants have denied Plaintiff the legal supplies he has requested. For example, Plaintiff requested plain sheets of paper and a yellow legal pad. Plaintiff asserts that his request was denied. Additionally, on May 30, 2006, Counselor Bryant threatened Plaintiff with "lock-up" because he wrote a request for legal supplies and told Counselor Bryant that he intended to file conspiracy charges against

her and the other defendants. Plaintiff states that he has had to obtain his legal supplies from his follow inmates. In addition, Plaintiff has had to use his own personal stamped letters to mail documents to the court. Plaintiff also asserts that he has had to trade food for stamps with other inmates.

As evidence for his claim, Plaintiff states that the regulations of the ERJ provide that an indigent inmate may be provided supplies and stamps to mail two personal letters per week and sufficient supplies and stamps to correspond with their attorneys, the Court, or public officials. Moreover, Plaintiff asserts that the regulations of the ERJ also state that inmates are to have the unrestricted and uncensored right to correspond with their attorneys and the courts. This includes providing sufficient pens, papers and postage for inmates who are not able to afford their own. Plaintiff asserts that he is indigent and is entitled to such supplies. Plaintiff contends that he has witnesses who have seen him being denied these things and witnesses who heard Counselor Bryant threaten him with lock-up. Plaintiff asserts that all of these facts show that the defendants are conspiring against him for the "evil purpose" of doing Plaintiff harm, although Plaintiff alleges no actual harm.

## II. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are

frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Analysis

### A. Defendant Chain of Command

In the complaint, Plaintiff names the "chain of command" as a defendant in this action. Although it is not exactly clear who the "chain of command" is, it is clear that the chain of command is not a person. Accordingly, the "chain of command" is not a proper party to this action and should be dismissed. See Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) (Claims under § 1983 are directed at persons); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) (neither a State nor its officials acting in their official capacities are persons under § 1983); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) (the Piedmont Regional Jail is not a person under § 1983); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (the West Virginia Regional Jail Authority is not a person under § 1983).

### B. Defendant Administrator of ERJ

In the complaint, Plaintiff names the Administrator of the ERJ as a defendant. However,

---

[1] Id. at 327.

Plaintiff does not assert that the Administrator was personally involved in the violation of his constitutional rights. Instead, it appears as if Plaintiff names the Administrator only in his official capacity as the overseer of the ERJ and its employees.

There is no *respondeat superior* liability under § 1983. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997). Instead, "liability will lie where it is affirmatively shown that the official charges acted personally in the deprivation of the plaintiff's rights." Vinnedge, supra. Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[2]

Because Plaintiff fails to allege any personal involvement on the part of the

---

[2] "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

Administrator of ERJ, and fails to make any allegations which reveal the presence of the required elements for supervisory liability, Plaintiff fails to state a claim against the Administrator of the ERJ and that defendant should be dismissed.

## C. Defendant Counselor Bryant

To establish a civil conspiracy under § 1983, Plaintiff must prove that two or more persons acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the plaintiff's deprivation of a constitutional right. Hinkle v. City of Clarksburg, WV, 81 F.3d 416 (4th Cir. 1996). Moreover, Plaintiff has a "weighty burden to establish a civil rights conspiracy." Id. at 421. While Plaintiff does not need to "produce direct evidence of a meeting of the minds, [he] must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. In this case, that means Plaintiff must produce evidence that at least leads to the inference that the defendants had a mutual agreement to deny plaintiff access to the courts. Id. However, "mere speculation and conjecture will not suffice." Puglise v. Cobb County, 4 F.Supp.2d 1172, 1181 (N.D.Ga. 1998).

Here, Plaintiff names only one person who actually participated in the alleged conspiracy. Moreover, Plaintiff provides no evidence which would lead to even an inference that Counselor Bryant had an agreement with any other person to deny Plaintiff access to the courts. Thus, Plaintiff has failed to establish that a civil conspiracy exists and his conspiracy claim should be dismissed.[3]

---

[3] To the extent raised, Plaintiff has also failed to state a claim that he is being denied access to the Courts under the Sixth Amendment. See Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996) (when alleging denial of access to the courts, the prisoner must make specific allegations and must also identify an actual injury resulting from official conduct). As noted above, Plaintiff has failed to make any specific

5

**IV.  Recommendation**

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's claims against the "chain of command" be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A and 1915(e).  In addition, the undersigned recommends that Plaintiff's claims against the Administrator of the Eastern Regional Jail and Counselor Bryant be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: October 13, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

allegations.  Moreover, Plaintiff has failed to show any actual injury from the alleged conduct.